■ 30 EAST 65TH STREET CORPORATION, Appellant, v RICHARDSON & LUCAS, INC., et al., Defendants, and DOUGLAS ELLIMAN-GIBBONS & IVES, INC., Respondent. [686 NYS2d 412] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 6, 1998, which, determined that defendant Douglas Elliman-Gibbons & Ives, Inc. (DEGI) was not liable for any alleged acts or omissions with respect to a renovation project during the period of time it did not manage the subject building, and thereupon held DEGI's motion for summary judgment in abeyance pending receipt of a Special Referee's report and recommendation respecting, *inter alia,* the issue of whether the work in question was completed prior to DEGI's management of the subject building, unanimously affirmed, with costs.

On December 3, 1989, pursuant to an Asset Purchase Agreement, HM Associates purchased substantially all the assets of Douglas Elliman-Gibbons & Ives, Inc., including the exclusive right to the use of the name "Douglas Elliman-Gibbons & Ives." Pursuant to the purchase, HM Associates changed its name to Douglas Elliman-Gibbons & Ives, Inc., and the original Douglas Elliman changed its name to GME Liquidating Corp. (GME). The subject construction project commenced in 1987 while GME was still plaintiff's managing agent. Subsequent to the asset purchase, DEGI succeeded GME in the performance of managing agent responsibilities at plaintiff's building.

The IAS Court properly found that neither the Asset Purchase Agreement nor the Assumption Agreement executed in connection therewith provided for DEGI's assumption of liabilities of the seller arising from the construction project at issue prior to the closing of the asset purchase. Indeed, correctly read, both the Asset Purchase Agreement and Assumption Agreement expressly preclude assumption of an unspecified liability, such as the one here at issue. Accordingly, the court properly ordered a reference to determine, *inter alia,* whether DEGI acted as managing agent during any portion of the subject construction project. Plaintiff's remaining argument regarding the enforceability of the Asset Purchase Agreement was not before the IAS Court on the motion. In any event, the

argument is unavailing since the only plausible ground for holding DEGI answerable for liabilities of the seller antedating the closing of the asset purchase is that such liabilities were, in fact, assumed by DEGI in connection with the asset purchase; if there had been no valid transfer of assets, neither could there have been any valid attendant assumption of liabilities. Contrary to plaintiff's argument, there exists no ground in equity to hold DEGI responsible for the seller's preclosing liabilities. Concur—Rosenberger, J. P., Wallach, Rubin and Andrias, JJ.